UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

UNITED STATES OF AMERICA          25-mj-8022-BER

v.

JEFFREY ALAN HELMS, JR.,

FILED BY____SW____D.C.

Jan 17, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**Defendant.**
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?   ☐ Yes  ☑ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   ☐ Yes  ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   ☐ Yes  ☑ No

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   ☐ Yes  ☑ No


Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: _____*Justin Chapman*_____
JUSTIN CHAPMAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.    85778
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:   (561) 820-8711
Fax:   (561) 820-8777
Email: justin.chapman4@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 25-mj-8022-BER |
| JEFFREY ALAN HELMS, JR., | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

FILED BY ___SW___ D.C.
Jan 17, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of January 16, 2025 in the county of Palm Beach in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951(a) | Interference of Commerce by Threats or Violence (Hobbs Act Robbery) |

This criminal complaint is based on these facts:

See attached affidavit in support of criminal complaint

☑ Continued on the attached sheet.

_____
Complainant's signature

Zachary Schleiffer, Special Agent / FBI
*Printed name and title*

Sworn to and signed before me by
Telephone (Facetime) per
Fed. R. Crim. P. 4(d) & 4.1
.

Date: 01/17/2025

_____
Judge's signature

City and state: West Palm Beach, Florida

Bruce Reinhart, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Zachary F. Schleiffer, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND JURISDICTION

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and I have been so employed since September of 2021. I am currently assigned to PB-2, the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency, which investigates bank robberies, narcotics trafficking, fugitives, firearms offenses, gang activity, and other violent crimes. Prior to joining PB-2, I was assigned to the health care fraud squad of the FBI's Palm Beach County Resident Agency for 2 years. Based on my experience as a federal law enforcement officer, I have also conducted criminal investigations involving or relating to sophisticated financial schemes, including identity theft, wire fraud, mail fraud, bank fraud, money laundering, and access device fraud.

2. Pursuant to 18 U.S.C. § 3052, I am authorized to apply for and execute search warrants and arrest warrants for offenses enumerated in Titles 18 and 21 of the United States Code. I have participated in and directed investigations involving violent crime, violations of the Hobbs Act, bank robberies, trafficking in controlled substances, firearms offenses, identity theft, wire fraud, mail fraud, bank fraud, and various types of fraud committed using stolen identities. As a result of my training and experience, I am familiar with the tactics, methods, and techniques of committing those crimes.

3. I make this affidavit in support of an application for a criminal complaint charging JEFFREY ALAN HELMS, JR., herein referred to as "HELMS," with a violation of Title 18 U.S.C. § 1951(a), the interference of commerce by threats or violence (Hobbs Act Robbery).

4. This affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the investigation and information provided to me by other law enforcement officers. I have not included in this affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for this Court to authorize an arrest warrant.

**PROBABLE CAUSE**

5. The FBI and local law enforcement were alerted to a robbery that occurred on January 16, 2025 at approximately 6:00 pm at Taco Bell, located at 2319 South Federal Highway, Boynton Beach, Florida 33435. Law enforcement arrived and contacted Victim 1 (V1), an employee at Taco Bell who encountered HELMS in the dining aera at the above location. HELMS then entered the restroom and returned from the restroom when V1 asked HELMS if he needed any help. HELMS then presented a firearm, proceeded behind the counter, and encountered Victim 2 (V2) at the drive through register. V2 opened the register and HELMS grabbed the United States Currency in the cash-register tray. HELMS proceeded out of the drive through window and fled on foot in the direction of the Nova Inn Resort, located at 2821 South Federal Highway, Boynton Beach, Florida 33435 with an unknown amount of US currency.

6. Law enforcement obtained surveillance footage from Taco Bell and identified HELMS emerging from the bathroom of the restaurant and encountering V1. HELMS was dressed wearing a hooded sweatshirt with light colored sleeves and a what appeared to be a dark color mid-section, a white hat with a green/blue emblem, and sunglasses. HELMS drew a pistol on V1 and then proceeded behind the counter where he encountered V2. The firearm was visible to V2 during the encounter. V2 proceeded to open the drawer to the cash-registered and HELMS grabbed the money, made furtive movements toward the door, then returned to the drive-through window and exited out the drive through window.

7. Taco Bell is a company that has stores both within and outside the state of Florida. Taco Bell's corporate headquarters are located in Irvine, California. Therefore, this robbery affected interstate commerce and/or the flow of goods in commerce, as defined by Title 18, United States Code, Section 1951(a).

8. Law enforcement arrived on scene and reviewed surveillance footage from the Taco Bell. At 6:08pm a physical description of HELMS was broadcasted over law enforcement radio. A still shot of HELMS was distributed out to patrol officers at 6:20 pm and law enforcement began canvassing the area for suspects matching the description.

9. Simultaneous to the review of the surveillance footage, Law Enforcement made contact

with a person fitting HELMS description at the Nova Inn Resort at 6:18 pm. Law enforcement conducted a field interview of HELMS, who then proceeded to room A-106 at the Nova Inn Resort. Business records obtained from the Nova Inn Resort show that HELMS checked in at 6:16pm and paid $92.66 in cash for his room. The Nova Inn Resort is a short walk from the Taco Bell where the robbery took place.

10. At approximately 8:50 pm Law Enforcement observed a white Ford van arrive at the Nova Inn Resort where HELMS exited room A-106 and entered the passenger side of the white Ford van. Law enforcement executed a traffic stop on the van at approximately 8:52 pm and contacted two occupants of the vehicle. The driver was the registered owner of the vehicle and was identified as "BP."

11. Law enforcement contacted HELMS, who occupied the passenger seat of the vehicle and was in possession of a hat and duffle bag. HELMS was taken into custody for an outstanding warrant on another armed robbery case that occurred on January 12, 2025 under similar facts as the robbery in this case, and he was transported to the Boynton Beach Police Department for processing.

12. "BP" told law enforcement that HELMS called him at 8:43 pm, which he did not answer. HELMS then called "BP" back at 8:50 pm and asked for a ride. HELMS did not specify a location in which he was looking to get to. "BP" had been a friend of HELMS for years and a former employer of HELMS. Law enforcement later further interviewed "BP" and showed him a still image from surveillance cameras at the Taco Bell and "BP" positively identified the image as HELMS.



13. On January 17, 2025, Law Enforcement contacted the mother of HELMS, "DM." Law enforcement asked "DM" if she was able to identify the subject captured on surveillance footage from the

Taco Bell. "DM" immediately identified the subject pictured in the still shot as HELMS.

## CONCLUSION

14.     Based upon the information contained in this affidavit, I believe that probable cause exists that JEFFREY ALAN HELMS was in violation of Title 18, United States Code, Section 1951 the interference of commerce by threats or violence.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____

Zachary F. Schleiffer, Special Agent

Federal Bureau of Investigation

Sworn and Attested to before me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this \_\_17th\_\_ day of January, 2025.

_____

HONORABLE BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO.  25-mj-8022-BER

**Defendant's Name: JEFFREY ALAN HELMS, JR.**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
|  | Interference of Commerce by Threats or Violence | 18 U.S.C. § 1951(a) | 20 years' imprisonment<br>$250,000 fine<br>3 years' supervised release |
|  |  |  |  |